UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY SAUNDERS, | Case No. 1:25-cv-1949 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge James E. Grimes, Jr. |
| JAKIYA PRIMOUS, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Jeremy Saunders filed this action without a lawyer against Defendant Jakiya Primous, a corrections officer in Cuyahoga County, Ohio. Plaintiff alleges that Defendant took a flash drive when packing up his jail cell and did not return it to him. He contends that the flash drive contained evidence that would have helped in his defense of a criminal case. He claims that Defendant deprived him of property and denied him access to the courts. He asks the Court to award him monetary damages.

**STATEMENT OF FACTS**

In July 2024, Mr. Saunders alleges that he was detained in the Cuyahoga County jail while awaiting trial. He states that he was sent to segregation on July 31, 2024. Officer Primous was the officer on duty in his unit and was charged with packing up his belongings. Plaintiff contends that he had a flash drive that contained evidence he intended to use at trial. When he was released from segregation on August 4, 2024, Plaintiff alleges that he discovered the flash drive was not with his

other property. He filed a grievance, which prompted an investigation. In the course of the investigation, Officer Primous allegedly admitted to placing the flash drive in her pocket but stated that she misplaced it at some point and no longer had it. He states that he was convicted and is currently incarcerated.

## STATEMENT OF THE CASE

Plaintiff asserts two legal claims. First, he states that the Defendant deprived him of property in violation of the Constitution. The Court liberally construes this claim as a claim for denial of due process. Second, Plaintiff claims that Defendant denied him access to the courts by taking and failing to return his flash drive, which he claims contained evidence for his upcoming trial. He seeks $ 50,000.00 in damages.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

I. **Due Process**

The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate State remedies are available to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). To maintain a claim under 42 U.S.C. § 1983 arising out of "the deprivation of a property interest without procedural due process of law, the Plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory*, 721 F.2d at 1066; *see Montiel v. Wolbert*, No. 25-cv-12360, 2025 WL 2941910,

3

at *2 (E.D. Mich. Oct. 16, 2025) (dismissing the plaintiff's due process claim because he did not allege facts suggesting his judicial remedies were inadequate or that it would be futile to present his claim in the State courts).

A remedy is available to Plaintiff in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Plaintiff did not allege that this remedy would be inadequate to redress his loss of property. Therefore, he fails to state a claim for denial of due process.

## II. Access to Courts

To state a claim for denial of access to the courts, a plaintiff must allege that particular actions of the defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, a plaintiff must "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In other words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous and that it was frustrated or impeded by the defendant. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Here, Plaintiff claims he was injured by being convicted and incarcerated. Without question, conviction represents a negative outcome in a criminal case. But

Plaintiff failed to allege facts that reasonably suggest that the defendant's action was the underlying cause of his conviction.  Plaintiff does not allege what was on the flash drive.  There is no indication of its relevance to his charges or whether the information would have been admissible evidence.  In addition, Plaintiff does not allege that he alone had access to the information on the flash drive.  He does not indicate from whom he received the flash drive, and there is no suggestion that he could not receive another copy of the materials.  Plaintiff fails to plead an actual injury that was caused by Defendant's actions.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  December 16, 2025

 _____
J. Philip Calabrese
United States District Judge
Northern District of Ohio